MERRITT, Circuit Judge,
dissenting.
We do not need to rely on the habeas statutory language to know that the federal law in habeas cases is “determined by the Supreme Court of the United States” and must be followed by state courts as well as federal courts after the Supreme Court speaks. 28 U.S.C. § 2254(b)(1). We learned this simple principle the first year in law school. Unfortunately, the majority resists applying it in this case.
Thus, the majority holds that it was not ineffective assistance of counsel when Henley’s lawyer failed to raise and rely on Blakely v. Washington, decided four *483 months before Henley was sentenced. The application of the Blakely case would have forbidden the Ohio courts from using the “sexual predator” designation to enhance the sentence because the jury in Henley’s case had not so found. Its Blakely application would have significantly reduced Henley’s 22-year sentence. Henley’s counsel was guilty of ineffective assistance of counsel for not raising it in order to protect his client from an unnecessarily long sentence.
I disagree with the majority that the new rule of Blakely runs in favor of Henley only after the date on which the Ohio courts recognized and applied it in their sentencing scheme rather than after Blakely itself was decided. Henley’s counsel had a clear duty to raise Blakely at sentencing and was ineffective for failing to do so. We should not need to be reminded of the elementary principle that generally we may not “require attorneys to foresee changes in the law [but] once a change — particularly an important and relevant change — does come about, we do expect counsel to be aware of it.” Ballard v. United States, 400 F.3d 404, 408 (6th Cir.2005) (holding that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), must be immediately applied and the failure of counsel to raise the issue on appeal was ineffective assistance of counsel). Blakely was an important change for it ameliorates unnecessarily long sentences based on an authoritarian judge’s sentencing enhancement policies. It gives the defendant the right to a jury trial on the elements of the crime that produce his sentence. Our court should not resist applying very clear law in an unpublished opinion based on another unpublished opinion that was simply wrongly decided.